UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

FRANCISCO J. VETEK,
and other similarly situated individuals,

    Plaintiff (s),

v.

BAIRES VALET PARKING, INC.

    Defendant,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b)

COMES NOW the Plaintiff FRANCISCO J. VETEK and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant BAIRES VALET PARKING, INC., and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for half-time unpaid overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff FRANCISCO J. VETEK is a resident of Broward County, Florida. The Plaintiff was a covered employee for purposes of the Act.

3. Defendant BAIRES VALET PARKING, INC. (hereinafter BAIRES VALET PARKING, or corporate Defendant) is a Florida corporation doing business in West

Palm Beach County, within the jurisdiction of this Court. At all times material hereto, Defendant was and is engaged in interstate commerce.

4. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

5. This cause of action is brought by Plaintiff as a collective action to recover from Defendant half-time overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after March 2017, (the "material time") without being compensated overtime wages pursuant to the FLSA.

6. Corporate Defendant BAIRES VALET PARKING is a company providing Valet Parking Services in West Palm Beach County.

7. At all times material hereto, Plaintiff and all the similarly situated employees were performing their duties for the benefit of and on behalf of the Defendant.

8. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, performing non-exempt duties as valet parking attendants in furtherance of the business of Defendant, and who worked in excess of forty (40) hours during one or more workweeks within the material time (the "asserted class").

9. Defendant BAIRES VALET PARKING employed Plaintiff FRANCISCO J. VETEK as a valet parking attendant from approximately June 01, 2016, through December 20, 2019, or more than 3 years. However, For FLSA purposes Plaintiff's relevant period of employment is 143 weeks.

10. The Plaintiff was a non-exempted, full-time, hourly employee working more than 40 hours in a week period. During the relevant period, Plaintiff was paid a wage rate of $12.00 an hour.

11. While employed with Defendant Plaintiff and other similarly situated individuals in the asserted class regularly worked overtime hours (hours in excess of forty (forty) per workweek referred herein as "overtime hours") and were not paid overtime compensation at the rate of one-half of their regular rate of pay (the "overtime rate"), for all of the overtime hours worked, based in part upon Defendant's custom and practice of failing to credit and pay for overtime hours actually worked, among other violations of the FLSA.

12. The records, if any, concerning the number of hours worked by Plaintiff and all other employees in the asserted class, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, the Defendant did not maintain accurate and complete time records of hours worked by the Plaintiff and all other employees in the asserted class.

13. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff and those employees similarly situated performed services and labor for Defendants for which Defendant made no

provision to pay Plaintiff and the other employees in the asserted class the compensation to which they were lawfully entitled to all of the hours worked in excess of forty within a workweek.

14. The Plaintiff FRANCISCO J. VETEK seeks to recover unpaid overtime wages that were never paid to him at the mandatory rate of time and a half his regular rate, liquidated damages, and any other relief as allowable by law.

15. The Plaintiff has retained the law offices of the undersigned attorney to represent him individually, and on behalf of the asserted class, and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME

16. Plaintiff FRANCISCO J. VETEK re-adopts every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17. At all times pertinent to this Complaint, Defendant BAIRES VALET PARKING was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

18. Plaintiff is entitled to be paid time and one-half of the Plaintiff's regular rate of pay for each hour worked in excess of forty (40) hours per workweek. All similarly

situated employees (comprising the members of the asserted class) are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

19. At all times material, the Employers/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

20. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney's fees.

21. As a result of Defendants' willful violation of the Act, Plaintiff and those similarly situated to Plaintiff are entitled to liquidated damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff FRANCISCO J. VETEK and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendant BAIRES VALET PARKING, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff FRANCISCO J. VETEK actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff FRANCISCO J. VETEK and those similarly situated demand trial by a jury of all issues triable as of right by jury.

Dated: March 26, 2020,

        Respectfully submitted,

        By: **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile: (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*